IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CATHERINE MINER<br>990 East Boulevard<br>Aurora, Ohio 44202<br><br>Plaintiff,<br><br>v.<br><br>CONNECTIONS IN OHIO, INC.<br>8001 Sweet Valley Drive, Suite 4<br>Valley View, Ohio 44125<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO:<br><br>JUDGE<br><br><br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**<br><br>(Jury Demand Endorsed Herein) |

Plaintiff, by and through undersigned counsel, as her Complaint against Defendant, states and avers the following:

## INTRODUCTION

1. Plaintiff is a resident of the city of Aurora, county of Portage, and state of Ohio.

2. Connections in Ohio, Inc. ("Connections") is a domestic corporation with a principal place of business located at 8001 Sweet Valley Drive, Suite 4, Valley View, Ohio 44125.

3. Connections is an employer, pursuant to 42 U.S.C. § 12111.

4. Connections is an employer, pursuant to Ohio Rev. Code § 4123.01(B).

5. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Miner is alleging federal law claims under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*

6. All material events alleged in this Complaint occurred in Cuyahoga County.

7. Venue is properly placed in the United States District Court for the Northern District of Ohio, Eastern Division, because it is the district court for the district, division, and county within

which a substantial part of the events giving rise to the claims alleged in this Complaint occurred.

8. This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

9. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## FACTUAL ALLEGATIONS

10. Miner incorporates by reference the allegations from the preceding paragraphs as if fully realleged herein.

11. Miner worked for Connections as a Regional Director from October 8, 2022 until she was terminated on March 31, 2022.

12. Connections provides services for individuals with development and intellectual disabilities.

13. Miner had no history of poor work performance or discipline during her employment with Defendant.

14. On October 19, 2021 Miner received a call from Connections employee, Raysha Cordero, regarding an escalation with an individual.

15. On October 19, 2021 Miner went to that individual's home to assist Cordero, and deescalate the individual. The individual began violently squeezing Miner's arms, and she was required to use a choke release to remove that individual from her body.

16. The next day, October 20, 2021 Miner went to urgent care and filed a workers' compensation claim.

17. Approximately one week later, Miner went to the emergency room and received a splint for one wrist, and a wrap for her other wrist.

18. Miner was able to continue working, performing all of her administrative duties, and visiting homes for documentation purposes only.

19. Miner missed one day work due to her injury, the morning of December 13, for her doctor's appointment.

20. At that appointment the doctor provided Miner with an updated MEDCO-14 that stated she would need intermittent breaks throughout the day.

21. On January 5, 2022, Miner requested leave pursuant to the Family and Medical Leave Act ("FMLA") to care for a family member from January 6 through January 25, 2022.

22. Miner took FMLA leave from January 6 through January 25, 2022..

23. On January 6, 2022, Miner requested FMLA leave for a OBGYN procedure that she had scheduled for February.

24. The day Miner returned from FMLA leave, January 26, 2022, Miner was suspended for purportedly refusing to work on December 13, 2021, the day of her doctor's appointment.

25. Connections did not permit Miner to return to work with her limitations after her two-week suspension, and instead, terminated her on March 31, 2022.

26. Defendant terminated Miner in retaliation for Miner exercising her FMLA rights.

27. Defendant terminated Miner in retaliation for Miner's FMLA leave request.

28. Defendant's termination of Miner interfered with Miner's attempt to exercise her FMLA rights.

29. Alternatively, Connections terminated Miner in retaliation for filing a claim for workers' compensation benefits.

30. On April 11, 2022, within 90 days of the discriminatory act, Miner provided written notice to Defendant of the claimed violation pursuant to Ohio Rev. Code § 4123.90.

## COUNT I: FMLA INTERFERENCE

31. Miner restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

32. Miner was an eligible employee, pursuant to 29 U.S.C. § 2611 (2)(A) and was entitled to leave, pursuant to 29 U.S.C. § 2612 (a)(D).

33. Miner requested leave pursuant to 29 U.S.C. § 2612(a).

34. Defendant's termination of Miner prior to her FMLA leave, was an interference with rights granted by the FMLA.

35. As a direct and proximate result of Defendant's unlawful conduct, Miner has suffered and will continue to suffer damages.

## COUNT II: FMLA RETALIATION

36. Miner restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

37. Miner was an eligible employee, pursuant to 29 U.S.C. § 2611 (2)(A) and was entitled to leave, pursuant to 29 U.S.C. § 2612 (a)(D).

38. Defendant terminated Miner because of Miner's exercise of rights afforded by the FMLA and, in doing so, Defendant violated the FMLA's proscriptions against retaliation.

39. As a direct and proximate result of Defendant's unlawful conduct, Miner has suffered and will continue to suffer damages.

## COUNT III: WORKERS' COMPENSATION RETALIATION IN VIOLATION OF OHIO REVISED CODE § 4123.90

40. Miner incorporates by reference the allegations from the preceding paragraphs as if fully realleged herein.

41. Defendant terminated Miner in retaliation for Miner filing a claim for workers' compensation benefits.

42. Defendant violated Ohio Rev. Code § 4123.90 by retaliating against Miner for filing a claim for workers' compensation benefits.

43. As a direct and proximate result of Defendant's wrongful conduct, Miner suffered and will continue to suffer damages.

## **CONCLUSION**

Plaintiff, seeks judgment against Defendant in an amount in excess of $25,000 to fully, fairly, and justly compensate her for injury, damage, and loss, and respectfully prays that this Court enter judgment in her favor and award her past economic and non-economic compensatory damages, fringe benefits, consequential damages, incidental damages, punitive damages, liquidated damages, interest, all reasonable attorney's fees, costs and expenses, and any additional legal or equitable relief available under law, including, but not limited to back pay, future losses, reinstatement, and promotion.

Respectfully Submitted,

/s/ *Claire I. Wade*
Claire I. Wade (0093174)
Sobel, Wade & Mapley, LLC
55 Erieview Plaza, Ste 370
Cleveland, Ohio 44114
T: (216) 223-7213
F: (216) 223-7213
Wade@swmlawfirm.com

*Attorney For Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury by the maximum number of jurors permitted.

/s/ *Claire I. Wade*
Claire I. Wade (0093174)

*Attorney for Plaintiff*
